CV 07 0308

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MILISSA THOMPSON,

              Plaintiff,

-against-

PENNCRO ASSOCIATES, INC.,

              Defendant.

------------------------------------------------------------X

**COMPLAINT**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 22 2007 ★

LONG ISLAND OFFICE

AMON, J.
GOLD, M.

Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for her complaint against the Defendant, Collectcorp Corporation, alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2. Plaintiff is a natural person residing in Kings County, New York.

3. Upon information and belief, defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in Toronto, Ontario Canada, and maintains offices in Arizona and New York.

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391 et seq., as the defendant is a corporation subject to jurisdiction as it transacts business in this district and the forum is most convenient for the plaintiff.



## AS AND FOR A FIRST CAUSE OF ACTION

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6. That a personal debt was allegedly incurred by the plaintiff to SBC-Ameritech.

7. That at a time unknown to the plaintiff herein, the aforementioned debt was referred and or assigned to the defendant for collection.

8. That the defendant sent various letters to the plaintiff. A copy of one such letter is attached hereto and made part hereof.

9. On or about January 31, 2006, received said letter and called the number on the letter asking to speak to someone about the disputed account.

10. That Plaintiff advised "Brenda Miller" if she had reached the right pace and Defendants agent, one Brenda Miller advised the plaintiff had contacted the Defendant collection agency.

11. That plaintiff advised the agent that she disputed the debt ad had recently become aware of the claim because same was listed derogatorily and inaccurately on plaintiff credit report.

12. That plaintiff repeatedly denied knowledge of the debt and disputed the debt and defendants agent, continued to advise that the debt was valid, explaining in circular logic that it is on her credit report because it has been valid.

13. That defendant's agent falsely represented that "proof" of the validity of the debt had been sent to the plaintiff, however, plaintiff had not received said proof.

14. Defendants agent became hostile a refused to listen to any of plaintiff's requests for an explanation and began cutting her off as she spoke insisting that the debt had been validly placed on her account more than 4 years ago.

15. That the defendant degraded the plaintiff and argued that the plaintiff owed the money despite plaintiffs dispute and then threatened to call all of plaintiffs family members and harass them.
16. That the defendants agent insisted that the debt was valid without any proof of same and advised that she would continue to call until the debt was paid.
17. That after yelling at the plaintiff and threatening her for several minutes defendant hung up the phone on the plaintiff.
18. That on or about February 1, 2006 plaintiff sent a valid dispute to the Defendant agency.
19. That defendant's agents continued to call and harass the plaintiff subsequent to the dispute and without providing any verification of the debt.
20. That the defendant continues to damage and harm plaintiffs credit despite plaintiffs dispute and still has failed to verify the validity of the debt.
21. Defendants conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (d), (e), and (f) in that communications the third parties and to the plaintiff by the defendant are false, deceptive, unfair, threatening and suggestive of criminal behavior and done in furtherance of abusing the plaintiff to coerce payment of a disputed debt, under duress and harassment.
22. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, defendant is liable to the plaintiff and all members similarly situated for statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus actual damages and treble damages, costs and attorney's fees.

**WHEREFORE,** plaintiff respectfully prays that judgment be entered against defendant in the amount of:

(a) Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

(b) Actual damages and treble damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

Dated: New York, New York
January 10, 2007

Amir J. Goldstein, Esq. (AG-2888)
**Attorney for the Plaintiff**
591 Broadway, #3A
New York, New York 11012
(212) 966- 5253 phone
(212) 941- 8566 fax

Plaintiff requests trial by jury on all issues so triable.

Amir J. Goldstein (AG-2888)

PO BOX 1209
OAKS, PA 19456

**Please see below for payment address**

Jan 9, 2006

MELISSA THOMPSON
639 SUMATRA AVENUE
# AKR
AKRON OH 44305-1925

PENNCRO ASSOCIATES, INC.
**STATEMENT OF ACCOUNT**

| | |
|---|---|
| NAME: | MELISSA THOMPSON |
| CLAIM #: | L27871 |
| CREDITOR: | MIDLAND CREDIT MANAGEMENT |
| REGARDING: | SBC - AMERITECH |
| ACCOUNT #: | 8514684417 |
| **BALANCE DUE:** | $821.31 |

The above referenced debt has been placed with our office for collection.

We must receive payment in full.

Please make your check or money order for the above balance payable to MIDLAND CREDIT MANAGEMENT and mail it to our office in the return envelope provided.

Sincerely,
PENNCRO ASSOCIATES
866-779-9279

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This communication is from a debt collector. Any information obtained will be used for that purpose.

**SEE REVERSE SIDE FOR IMPORTANT INFORMATION**
-------------------- Please Detach here and enclose bottom portion with your payment --------------



U.S. Postal Service
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

OAKS PA 19456

| | | |
|---|---|---|
| Postage | $ | $0.39 |
| Certified Fee | | $2.40 |
| Return Receipt Fee (Endorsement Required) | | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $2.79 |

02/01/2006

Sent To: Penncro
Street, Apt. No.; or PO Box No. PO Box 1209
City, State, ZIP+4 Oaks, PA 19456